# FIRST DISTRICT, 1896.

San Antonio & Aransas Pass Railway Co. v. Charles Bergsland.

No. 962.

1. **Municipal Corporation—Power of City Council to Close Street.**
    The charter of a city, giving to the city council exclusive control and regulation of the streets, with power to impose such terms as it might deem proper for the use of the sidewalks for any purpose whatever by any corporation, does not authorize the council to close a street to the public.

2. **Railway Company—Negligence—Blockading Street with Cars—Void Ordinance.**
    By virtue of a city ordinance closing a street to the public at its intersection with another street, and giving the exclusive control of the street at such intersection to a railway company, the company put down a number of tracks at such intersection and used that portion of the street as a part of its depot yards, and, in the case at bar, kept a train of cars standing across the street at such intersection for more than fifteen minutes, with no watchman at such crossing.  Held, that as the ordinance referred to was void, because the city council had not under the city charter power to enact it, such use of the street by the railway company was negligent.

3. **Same—Injury to Child—Proximate Cause—Contributory Negligence.**
    A child nine years of age passing along a street on his way home found the street blockaded by a train of cars standing across it, with no watchman there, and was informed by a man who was marking the cars and whom he took to be an employe of the railway company, that he could safely pass between the cars.  After waiting more than fifteen minutes, he attempted to do so, and was injured through the sudden moving of the cars.  In an action for such injury, held:
    (1) That such use of the street by the railway company was negligence, and the proximate cause of the injury.
    (2) That it was not necessary to the liability of the railway company that any

of its agents should have invited the child to cross, or assented thereto, or should have known of the presence of the child at the time and of his attempt to cross.

(3) That it was a question for the jury to determine whether the action of the child in attempting to cross, taking into consideration his age and the circumstances, was contributory negligence.

APPEAL from Harris.    Tried below before Hon. F. H. BRASHEAR.

*O. T. Holt,* for appellant.—The court erred in refusing to give charge No. 9, asked by the defendant, which is in substance that if the defendant did not know, nor was advised that Clarence Bergsland was on the train or passing over the train or about to go over the train, and that the said train was moved while he was attempting to go over it or under it, and that the defendant's employes did not know that he was so attempting to go under it, the defendant was not liable.    Further, that it was necessary, in order for the plaintiff to recover, that the defendant should have been advised that he was attempting to go under the train.    45 Am. & Eng. Ry. Cas., 171; 27 S. W. Rep., 717.

*W. H. Crank, Sr.,* for appellee.—1. There was no error in giving the charge complained of; the issues charged upon in said charge were raised both in the pleadings and by the evidence.    Railway v. Matula, 79 Texas, 582; Railway v. Hewitt, 67 Texas, 478; Railway v. Boozer, 70 Texas, 536-7; Hays v. Railway, 70 Texas, 605-6; Railway v. Cocke, 64 Texas, 157; Wharton on Neg., sections 798 and note.

2.    The city had no right nor power to deprive the public of the use of said streets.    If said ordinance gave appellant any rights in or over said streets, it was bound to use due care and diligence to protect the traveling public against accident and injury.    2 Dill. Mun. Corp. (3 ed.), sections 512, 521, 496, 650, 660, and notes on p. 657; Railway v. Railway Co., 65 Texas, 594; Railway v. Derlesdernier, 84 Texas, 86.

3.    Negligence is a question of fact to be passed upon by the jury from all surroundings, and passing between the cars without notice is not negligence per se.    Avey v. Railway, 81 Texas, 245; Railway v. Gasscamp, 69 Texas, 247; Railway v. Shearer, 1 Texas Civ. App., 353.

GARRETT, CHIEF JUSTICE.—This is an action brought in the District Court of Harris County by Charles Bergsland to recover damages sustained by his son Clarence while he was attempting to cross the track of appellant which ran along Broadway Street in the city of Houston, at its intersection with Dallas Street in said city.    Appellee averred in his petition that the crossing was negligently blockaded by a train of cars, and that his son attempted to pass between or climb over the train upon the representation of a servant of appellant that he might safely cross, and in so doing was injured by the negligent forcing and jamming together of the cars.    The petition averred that the servant who made the representation had the power to direct persons when to cross the track, and when it would be safe to do so; that said Clarence was of the tender age of nine years, and did not have the caution and judgment to

appreciate the danger, and relied upon the statements of the servant of appellant in charge of the train, and used all due care and caution. He further alleged the negligence and carelessness of appellant in blockading the street, and failure to provide a watchman for the crossing, and negligence in suddenly moving and jamming the cars.

Appellant, after a general demurrer and general denial, pleaded that at the intersection of Broadway and Dallas streets, where the accident occurred, it had a yard and a great number of tracks thereon, and the same was not used by the public as a crossing, but had been closed by virtue of an ordinance of the city council of the city of Houston, which was known to the said Clarence and the appellee, or could have been known to them by the use of ordinary care; also, contributory negligence on the part of the boy in attempting to cross without giving notice of his intention to do so; that the appellant and its agents did not know that he was about to cross, and he was not invited to do so, and that none of appellant's employes had authority to invite him to cross while the cars were standing on the track.

The accident occurred in the city of Houston on November 4, 1892. Clarence Bergsland was the son of appellee, and was nine years old. He was going along Dallas Street towards his home, and when he reached the appellant's tracks on Broadway, at its intersection with Dallas street, he found a train of freight cars standing on the crossing. He waited for some time, and at length asked a person there whom he took to be an employe of the appellant, if he could cross, and he answered, "yes, there is no danger." The boy waited for about fifteen minutes longer, and then attempted to pass by climbing over the drawheads of two cars. While he was doing so the cars were moved and came together and caught his left foot between the drawheads and mashed it so that it had to be amputated. From his dress and occupation at the time, the boy thought the man who told him that he could cross was an employe of the company. He was marking cars and taking their numbers. Immediately after the man told him that he could cross, the man left the place and went into the freight depot. There was no watchman or flagman at the crossing. No one was present when he attempted to cross.

The appellant had seven or eight tracks along Broadway Street at its intersection with Dallas Street, and was occupying the place of intersection as a part of its depot yard, which it claimed the right to do to the exclusion of the public under an ordinance of the city vacating and closing certain streets as public streets. Such an ordinance had been passed by the city council of the city of Houston. People frequently passed over Dallas Street, and to go from down town in the direction of appellee's home, Dallas Street was a direct route. One would have to go considerably out of the way to go around the space closed by the ordinance.

Appellant's first assignment of error is upon the following charge given to the jury at the request of the appellee:

"You are charged that if you believe from the evidence that Dallas

Street was used as alleged herein, and that such use of it by the defendant was negligence, according to the definition hereinafter given you, and that such negligence was the proximate cause of the injury to plaintiff's son, if you believe that he was so injured, then, although you may not believe that the plaintiff's son was instructed to cross the said track by any person in the employ of the defendant, and within the scope of his authority, you will find for the plaintiff, unless you believe that negligence of the plaintiff's son contributed to and caused the injury to him; if you so believe, you will find a verdict for the defendant."

The evidence showed that there was a use of Dallas Street by the company at its intersection with Broadway, along which it had several tracks laid as a depot yard for the purpose of handling, storing and switching cars, to the attempted exclusion of the public from the use of the street. Trains and cars were left standing thereon, and no watchman or flagman was kept at the crossing in order to warn passengers along the street of danger in crossing. It is true that appellant claimed the exclusive right to the use of this street intersection by virtue of an ordinance of the city of Houston. If it had such right, its use would not have been negligent; but it did not acquire such right by the ordinance, then the use made of the crossing was negligent. A train left standing on the crossing for the length of time shown, was likely to cause a boy of the tender age of appellee's son to attempt to cross it; and with no watchman to stop him and warn him of his danger, the accident to the boy was a natural consequence of the negligent use of the crossing. The charge properly told the jury not to find for the plaintiff if they believed that the negligence of his son contributed to and caused the injury to him. At another place in the charge, the jury were instructed as to the meaning of contributory negligence, and told that if they believed from the testimony that Clarence Bergsland contributed to produce the injury of which the plaintiff complained, although the same was concurred in by the defendant, the defendant would not be liable, and to find a verdict for the defendant. In passing upon the negligence of Clarence Bergsland, it was proper for the jury to take into consideration his age and discretion.

The city council did not have the power to close the intersection of Broadway and Dallas streets to the public and give the appellant the exclusive use thereof, and the ordinance attempting to do so was void. 2 Dillon Mun. Corp. (3 ed.), secs. 512, 521, 496, 650, 660, and notes. Such power must come from the general law or the charter of the city. There is no general law conferring the power; nor is it to be found in the charter. By the charter of the city of Houston, the city council was given exclusive control and regulation of the streets, with power to impose such terms as to them might seem proper for the use of the sidewalks for any purpose whatever by any corporation. Special Laws 21 Leg., p. 99. Nothing in the charter authorizes the city council to vacate or close a street. We think the charge was a correct statement of the law and there was no error in giving it to the jury.

Appellant has complained of the refusal of the court below to give in charge of the jury special charges Nos. 1, 6 and 7, requested by it. From the record it appears that the identical charges, ipsissimis verbis, were given to the jury at the request of the appellant. The charge No. 1 appears given as charge No. 7; charge No. 6 was given as charge No. 9, and charge No. 7 was given as charge No. 8. We also find that the charge, the refusal of which is complained of as error in the fifth assignment, was given as charge No. 4 at the request of appellant. The record shows these charges first as given and later as refused.

Special charge No. 9 requested by the appellant was properly refused. It was, in substance, that if the defendant did not know, nor was advised, that Clarence Bergsland was on the train, or passing over the train, or about to go over the train, and that the said train was moved while he was attempting to go over it or under it, and that the defendant's employes did not know that he was so attempting to go under it, the defendant was not liable. Further, that it was necessary, in order for the plaintiff to recover, that the defendant should have been advised that he was attempting to go under the train.

Appellee's cause of action did not rest alone on the invitation of an agent or employe of the appellant to the boy to cross over the cars. Upon the assumption that the intersection of the streets where the cars stood was the yard of appellant, to the exclusive use of which it was entitled, such an instruction may have been proper. But appellee alleged and the evidence shows that the place was a public street crossing, and that the appellant was negligent in blockading the crossing and in occupying it with the cars, and in failing to have a watchman at the place under the circumstances.

The ninth and tenth assignments of error were not well taken. The ninth complains that the verdict of the jury is contrary to the evidence and the instruction of the court; that to make the appellant liable, they must believe that the servants of the appellant invited Clarence Bergsland to cross the cars, and that the agent so inviting him was in the performance of his duty. The refusal of this instruction, as we have already seen, was made the basis of an assignment of error. As the verdict of the jury could have been reached upon the facts showing negligence of the company as above stated in blockading the crossing, it does not appear that it is contrary to the charge of the court. It is insisted in the tenth assignment that the evidence showed contributory negligence on the part of appellee's minor son. We think, taking into consideration the age of the boy and all the attendant facts, the finding of the jury to the contrary is well sustained by the evidence.

The judgment will be affirmed.                           *Affirmed.*

Delivered January 9, 1896.

Writ of error refused.